**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIAS AYALA-LAUREANO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-1849

Agency No. A202-069-338

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025**
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Elias Ayala-Laureano, a citizen of Mexico, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") upholding an order of an

Immigration Judge ("IJ") denying his application for cancellation of removal. We

have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C.

§ 1252. We deny the petition.

In upholding the denial of cancellation of removal, the BIA held that Ayala-

Laureano had "not shown that his removal to Mexico will result in exceptional and

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

extremely unusual hardship" to his three U.S.-citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D) (stating that, to qualify for a discretionary grant of cancellation of removal, an alien must establish, *inter alia*, that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"). We review this ruling for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). Under that standard, we must uphold the BIA's determination that the facts as found by the agency do not establish the requisite hardship "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we do not "have jurisdiction over the IJ's finding of 'facts underlying any determination on cancellation of removal,' which 'remain unreviewable.'" *Id*. at 1000 n.2 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)).

The BIA reasonably concluded that the hardships faced by Ayala-Laureano's children would not be "exceptional and extremely unusual." Although Ayala-Laureano pointed to his children's health circumstances, the IJ found that his younger daughter seldom uses an inhaler in warm weather, his son does not require medical treatment for his stomach pain, and his children could obtain healthcare services in Mexico. The IJ further found that Ayala-Laureano's children, if taken with him to Mexico, would live with a grandparent and extended

2

family, "just like they live with family here." Ayala-Laureano acknowledges that the agency considered these factors, but he contends that it failed to consider "the children's strong family ties in the United States, access to education, lower standard of living, dangerous country conditions, or the emotional toll on the children from the separation from family members in the United States." We disagree.

Contrary to Ayala-Laureano's assertion that the IJ failed to consider education, standard of living, and country conditions, the IJ found "no evidence that living in Mexico is inherently more harmful or disadvantaged . . . as opposed to living in the United States." Regarding the children's family ties and emotional hardship, the IJ recognized that the children lived "off and on" with their grandmother and their mother "has some psychological problems and schizophrenia." The IJ did not fail to consider these factors, and the BIA likewise reasonably concluded that the "financial and emotional hardship[s]" to Ayala-Laureano's children were "not 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves the country." *See Gonzalez-Juarez*, 137 F.4th at 1007 (holding that the hardship "must be 'substantially beyond that which would ordinarily be expected to result from the alien's deportation'" (citation omitted)); *see also id*. at 1006 (stating that "'[a] lower standard of living or adverse country conditions in the country of return . . .

3

generally will be insufficient'" to establish the requisite hardship (citation omitted)).

Accordingly, we conclude that the BIA properly upheld the IJ's decision to deny cancellation of removal.

**PETITION DENIED.**